UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HOWARD COHAN                                            CASE NO: 0:18-cv-60438-KMW

    Plaintiff,

vs.

HILLSBORO FOODS, INC.,
d/b/a MCDONALD'S #6653,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HILLSBORO FOODS, INC. d/b/a MCDONALD'S #6653 ("Defendant" or "HILLSBORO FOODS"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, Howard Cohan's ("Plaintiff") Complaint, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The Defendant admits that this Court is vested with original jurisdiction, however, the Defendant denies any liability for the claims alleged against it in the Complaint.

2. The Defendant admits that venue is proper, but denies the remaining allegations.

### PARTIES

3. Without knowledge, therefore denied.

4. Denied as phrased.

5. Admit.

6. Admit.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

14. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 13 above as if fully stated herein.

15. The allegations set forth in paragraph 15 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

16. The allegations set forth in paragraph 16 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

   a. The allegations set forth in paragraph 16(a) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

   b. The allegations set forth in paragraph 16(b) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

   c. The allegations set forth in paragraph 16(c) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

   d. The allegations set forth in paragraph 16(d) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  e. The allegations set forth in paragraph 16(e) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

17. The allegations set forth in paragraph 17 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  a. The allegations set forth in paragraph 17(a) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  b. The allegations set forth in paragraph 17(b) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  c. The allegations set forth in paragraph 17(c) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

18. The Defendant admits that it is a place of public accommodation but denies all remaining allegations in paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. The allegations set forth in paragraph 22 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

23. Denied.

  a. Denied.

  b. Denied.

  c. Denied.

24. Denied.

        a.     Denied.

        b.     Denied.

        c.     Denied.

        d.     Denied.

        e.     Denied.

        f.     Denied.

        g.     Denied.

25. Denied.

26. Denied as phrased.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. The allegations set forth in paragraph 33 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

34. Defendant admits that the Court has the authority to grant Plaintiff's injunctive relief, but denies Plaintiff's entitlement to the same.

## **AFFIRMATIVE DEFENSES**

1. The Defendant affirmatively states that the Plaintiff failed to mitigate his damages or meet conditions precedent to bringing this suit, including, neglecting to provide the Defendant

with notice of the deficiencies alleged in the Complaint and an opportunity to cure the deficiencies before instituting a lawsuit.

2. The Defendant affirmatively states that the Plaintiff has demanded modifications to the facility in question that would cause the Defendant an undue hardship.

3. The Defendant affirmatively states that the requests demanded by the Plaintiff are either not readily achievable, not reasonable, not required, and/or not technically feasible.

4. The Defendant affirmatively states that the Plaintiff sought access to Defendant's premises not for the purpose of obtaining the goods and services therein, but as a "tester" of compliance with the ADA and for the purposes of gathering evidence for the prosecution of this action, and any agreements with his counsel for the payment of attorney's fees are contrary to Florida law and his claim for attorney's fees should be denied. *See* Rodriguez v. Investco, LLC, 305 F. Supp. 2d 1278 (M.D. Fla. 2004).

5. The Defendant affirmatively states that at all times material hereto it has made a good faith effort to comply with requirements of the American With Disabilities Act and Defendant has reasonable grounds to believe its actions and/or inactions are in compliance with all applicable statutes.

6. The Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to it during the course of discovery.

**WHEREFORE**, the Defendant requests all relief to which it is entitled, including attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and any other relief the Court deems just and proper.

CASE NO.: 0:18-cv-60438-KMW

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant
> Esperante Building
> 222 Lakeview Ave., Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
>
> By:___*/s/ Justin C. Sorel*_____
> JUSTIN C. SOREL
> FBN: 0016256

**SERVICE LIST**
Jason S. Weiss, Esq.
WEISS LAW GROUP, P.A.
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
T: 954-573-2800
F: 954-573-2798
Email: Jason@jswlawyer.com